A89A1542. WILDER et al. v. THE STATE.
(386 SE2d 685)

BANKE, Presiding Judge.

The three appellants herein were jointly tried and convicted of trafficking in cocaine and of possessing a firearm during the commission of an offense involving illegal drugs. See OCGA § 16-11-106 (b) (5). They bring this appeal from the denial of their motion to suppress evidence seized during a warrantless search of an automobile which they were occupying at the time of their arrest.

The arresting officer testified that his attention was drawn to the vehicle in question because it had "no valid license" plate but only a "paper drive-out tag" containing the name of an automobile rental agency. After stopping the vehicle, he asked the driver, appellant Drains, for her driver's license and proof of insurance, whereupon she produced an expired Georgia driver's license and a car rental contract. At this point, the officer detected the odor of marijuana emanating from the car. He stated that when he questioned Drains about this, she and the other three occupants of the vehicle became "very nervous and fidgety." He then asked Drains to step out of the vehicle and requested the assistance of a back-up unit. Subsequently, the re-

maining occupants were asked to exit the vehicle; however, before appellant Wilder got out, he handed Drains a brown paper bag, which the latter placed on the ground under the driver's side of the car. This bag was seized and was found to contain a quantity of "crack-cocaine" in excess of 28 grams. A .45-caliber revolver was subsequently seized from the handbags carried by appellants Drains and Rose. *Held*:

The appellants contend that the initial stop and subsequent search of the vehicle were unlawful because they were conducted without probable cause. The stop of the vehicle was clearly authorized pursuant to OCGA § 40-2-8 because it was being operated without a license tag. Once the stop was effected, Drains was subject to custodial arrest for operating a motor vehicle without a valid driver's license, see OCGA §§ 40-5-20 (a) and 40-5-120 (7); and the search of the passenger compartment was authorized incident to that arrest. See *State v. Gilchrist*, 174 Ga. App. 499 (2) (330 SE2d 430) (1985); *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9) (1986); *Dixon v. State*, 180 Ga. App. 222 (4) (348 SE2d 742) (1986).

Moreover, with respect to the cocaine, Drains affirmatively abandoned it by placing it under the vehicle within plain view on a public street. "Neither abandoned property, nor items in plain view of law enforcement officers who (as in the instant case) are where they have a right to be, can be the subject of a motion to suppress when the abandonment of the evidence and the simultaneous placing of it in plain view occurs during the course of a legal stop. [Cits.]" *State v. Howell*, 180 Ga. App. 449, 451 (349 SE2d 476) (1986). It follows that the motion to suppress was properly denied.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989.

*Harold S. Gulliver, Matthew A. Towery*, for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, David Wright, Assistant District Attorneys*, for appellee.