## A93A1806. BROWN v. THE STATE.
(440 SE2d 253)

BEASLEY, Presiding Judge.

Brown entered a negotiated plea of guilty to possession of cocaine, OCGA § 16-13-30 (a), expressly conditioned upon the right to appeal the denial of his motion to suppress the contraband. See generally *Springsteen v. State,* 206 Ga. App. 150 (424 SE2d 832) (1992).

Acting on a tip from a concerned citizen that a black male wearing a red hat, green shirt and blue pants was selling cocaine on Hughes Street, two uniformed police officers proceeded together to that location. The area was known to the officers for its heavy drug activity. Based on their observation of two men near the intersection of Hughes and Broad Streets, it was believed they "had disrupted a [drug] deal." One of the men matched the description given of the cocaine seller. The officers observed him attempt to do something

with his right hand, concealing it behind him. As the suspects saw the officers, they began to disperse but remained there when told by an officer, "just a minute; we want to talk to you."

One officer approached the man matching the citizen's description and asked to see what was in his hand. The officer then observed "the dope in his hand . . . in plain view." He was holding two tiny rocks which he handed to the officer, who immediately arrested him and placed him in the patrol car. The officer then approached appellant, the other man who had been involved in the suspected drug transaction with the arrestee. He had remained at the rear of the patrol car when asked by the officer not to leave. The officer informed him they were investigating drug dealing on the part of his companion. They asked if he would empty his pockets on the trunk of the patrol car. He agreed and was arrested for possession when he removed a quantity of crack cocaine from his pocket. When asked his reason for suspecting appellant, the officer testified: "[A]s they came into our view and from our information, we thought we had disrupted an actual transaction of the drug deal and that the one with the red hat and green shirt had actually sold to [appellant], who was trying to leave."

Based on the citizen's tip, the known prevalence of drug activity in the area, and the observations which led to the conclusion that the officers had interrupted a drug sale in progress, the officers were authorized under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), to detain and question both participants in the suspected illegal transaction. Appellant was more than merely present on the scene. He was an active participant in what appeared to the officers to be a cocaine sale.

Appellant voluntarily relinquished the contents of his pocket. The evidence did not show duress. It is not essential to the validity of the consent that appellant be told he has a right to refuse. *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).

In denying the motion to suppress the trial court considered the location, the officers' observations and the brief period of time in which the events transpired. Considering the totality of the circumstances, the motion to suppress the contraband was properly denied.

*Judgment affirmed. Cooper and Smith; JJ., concur.*

DECIDED JANUARY 13, 1994.

*Ken D. Kondritzer*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.