## A93A2253. BURTTS v. THE STATE.
(440 SE2d 727)

BEASLEY, Presiding Judge.

Appellant was charged by accusation of driving under the influence of alcohol and failure to use a seat belt. The court denied a motion to suppress/motion in limine which alleged illegality of his arrest. Pursuant to *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991), the court permitted a plea of guilty with a preservation of his right to appeal the ruling on the motion.

The trial court found that in March 1993 a trooper stopped appellant's 1979 vehicle because it had a drive-out license plate rather than a regular license plate. His policy is to stop all used vehicles with drive-out license plates to see if they have proper registration and whether they have properly applied to purchase a license plate. Appellant produced the required paperwork to show that he had just purchased the vehicle. He was arrested for driving under the influence of alcohol based on Lloyd's observations of him after he was stopped. The court held that the investigatory stop was lawful and denied the motion, having concluded that a drive-out license plate is only an advertisement for a car dealership and has no more legal authority than no license plate at all.

Appellant argues that OCGA § 40-2-20 (a) gives the purchaser of a motor vehicle which does not have a current and valid Georgia registration 21 days from the date of purchase within which to register and obtain a license to operate it. Although true, it does not mean that if a person operates a motor vehicle within the 21-day grace period without a valid license plate, he is exempt from an investigative stop.

OCGA § 40-2-8 (b) provides, "It shall be a misdemeanor to operate any vehicle required to be registered in the State of Georgia without a valid numbered license plate properly validated; provided, however, that the purchaser of a new vehicle or a vehicle which does not have a current and valid registration or a used vehicle may operate such vehicle on the public highways and streets of this state without a current valid license plate during the 21 day period within which the purchaser is required by Code Section 40-2-20 to register or transfer the registration of such vehicle and provided, further, that the pur-

chaser and operator of a vehicle shall not be subject to the penalties set forth in this Code section during the period allowed for the registration or transfer of registration. If the owner of such vehicle presents evidence that such owner has properly applied for the registration of such vehicle, but that the license plate or revalidation decal has not been delivered to such owner, then the owner shall not be subject to the above penalties." This contemplates that the driver of a newly purchased vehicle may be stopped by police because the vehicle does not exhibit a valid numbered license plate, although the driver may have a defense because the grace period allowed for registration has not expired. About the only way to determine whether the period has expired is to stop the vehicle and inquire; the proof is documentary, not visible without a stop. There is no display of authorization visible externally as there is with dated state-issued plates and decals. In the latter instance, there is no need for a stop.

In *Wilder v. State*, 192 Ga. App. 891 (386 SE2d 685) (1989), a vehicle was stopped because it had no visible valid license plate but only a rental agency paper drive-out tag. The stop was deemed authorized under OCGA § 40-2-8 for operation without a license tag.

Investigative stops of vehicles are analogous to *Terry*-stops and are invalid if based upon only an unparticularized suspicion or hunch, or mere caprice or inclination. *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993). The stop in *Jorgensen* was unlawful even though appellant was driving a car with a dealer's drive-out tag, because he was stopped for other reasons which did not give rise to articulable suspicion. On the other hand, in *Watson v. State*, 190 Ga. App. 696 (379 SE2d 817) (1989), a police officer stopped an automobile with a dealer drive-out tag because the police had experienced high theft rates among cars with dealer drive-out tags. The suspicion engendered by the drive-out tag was more than an unparticularized suspicion or hunch; it was an objective manifestation that the person stopped might be engaged in criminal activity.

Burtts was driving a vehicle which was stopped because it appeared to be a used car without a valid license plate and only a dealer's drive-out tag. The stop was based upon articulable suspicion of illegal operation, there being no visible manifestation that the 21-day period had not expired; it was thus lawful. " ' "We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has 'reasonable grounds' for such action — 'a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' (Cit.)" (Cit.)' [Cit.]" *Coley v. State*, 177 Ga. App. 669, 670 (1) (341 SE2d 9) (1986).

*Judgment affirmed. Cooper and Smith, JJ., concur.*

Decided February 4, 1994.

*Manning & Leipold, Calvin A. Leipold, Jr.,* for appellant.
*Cheryl F. Custer, District Attorney, Alan S. Clarke, Assistant District Attorney,* for appellee.