## A96A1981. FREELAND v. THE STATE.
(477 SE2d 633)

Judge Harold R. Banke.

Jerry Dale Freeland was convicted of driving under the influence, driving with an unlawful alcohol concentration, and speeding. On appeal, he enumerates two errors, challenging the denial of his motion to suppress and alleging a fatal variance between the accusation and the evidence on the speeding charge.

The record shows that while Officer J. S. Clayton, an eight-year veteran of the DeKalb County Police Department, was conducting a stationary radar operation on Chamblee-Tucker Road, he stopped Freeland for traveling 54 mph in a 40-mph zone. Clayton admitted that when he stopped Freeland, he erroneously believed the speed limit was 40 mph when it actually was 45 mph. Clayton testified that Freeland also visually appeared to be speeding; however, the citation Clayton issued specifically stated that the violation was clocked by radar rather than by any other means. Clayton admitted that Freeland never weaved or crossed the centerline and was stopped solely for speeding. However, once he was stopped, Clayton observed signs that Freeland had been drinking and arrested him for driving under the influence ("DUI").

Prior to trial, Freeland moved to suppress the evidence underlying his DUI charge, arguing that because Clayton had no legal basis for making the stop inasmuch as the speed limit was 45 rather than 40 mph, the arrest was illegal. The trial court denied the motion to suppress, holding that so long as the officer acted on the good faith belief that a crime had been committed, a subsequent legal determination that the defendant's actions were not technically a crime would not render the arrest illegal. The court acquitted Freeland on a speeding charge based on radar evidence, but convicted him of the remaining charges.[1] *Held*:

1. The Fourth Amendment authorizes police officers to make brief investigatory stops so long as they are justified by "specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct." *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993). "The principal components of a determination of reasonable suspicion or probable cause will be the events which occurred leading up to the stop or search, and then the decision whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to reasonable suspicion or to probable cause." *Ornelas v. United States*, 517 U. S. __ (116 SC 1657, 134 LE2d 911, 919) (1996).

---

[1] The trial itself was not transcribed. The parties stipulated to the evidence and argued their cases to the court.

In this case, Clayton testified that he was a member of the county's DUI task force and had been running radar every night for a year. He admitted he erroneously thought the speed limit where he established his stationary radar operation was 40 mph rather than 45 mph. He also testified that his training included an instruction that he could not write a speeding citation unless the vehicle was traveling over ten mph over the speed limit. See OCGA § 40-14-8 (a).[2] It is undisputed that Freeland was driving nine miles over the posted speed limit. Under the circumstances of this case, we find that Clayton's ignorance of the speed limit where he set up his radar operation was objectively unreasonable.

Nevertheless, the trial court properly denied the motion to suppress. Although OCGA § 40-14-8 clearly prohibited Clayton from making a case based on the radar evidence, nothing prevented him from stopping Freeland for speeding. In fact, Clayton testified that he "sometimes" stopped cars going nine miles over the speed limit and gave the drivers a warning. Moreover, Clayton testified that his training and experience enabled him to visually observe that Freeland was speeding before he activated the radar. Because Freeland was speeding, notwithstanding Clayton's error as to the degree, the stop was permissible. See *Whren v. United States*, 517 U. S. __ (116 SC 1769, 135 LE2d 89, 95) (1996).

2. Because the record fails to demonstrate that Freeland raised the fatal variance issue on his speeding conviction in the trial court, we may not address it here. Issues "presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken, because one may not abandon an issue in the trial court and on appeal raise questions or issues neither raised nor ruled on by the trial court." *Butler v. State*, 172 Ga. App. 405, 406-407 (1) (323 SE2d 628) (1984).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 24, 1996 — 

*Joseph P. Hancock*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Bernard R.*

---

[2] OCGA § 40-14-8 (a) states "[n]o county, city, or campus officer shall be allowed to make a case based on the use of any speed detection device, unless the speed of the vehicle exceeds the posted speed limit by more than ten miles per hour and no conviction shall be had thereon unless such speed is more than ten miles per hour above the posted speed limit."

*Ussery, Assistant Solicitors*, for appellee.