## A97A0651. BRANTLEY v. THE STATE.
(487 SE2d 412)

POPE, Presiding Judge.

Defendant Damon Brantley, charged with trafficking in cocaine and driving without a license, appeals the denial of his motion to suppress evidence seized when he and his vehicle were searched during a traffic stop. Concluding that defendant consented to the search of his car and that the search of his person was incident to his lawful arrest, we affirm.

Trooper Wyn Gregory testified that he stopped defendant on I-75, intending to give him a warning for driving 73 mph in a 65 mph zone. Defendant acted very nervous, could not produce a driver's license (giving two versions of where it was), and told an implausible story about having to rush to the hospital where his wife was having a baby. At that point Trooper Gregory patted him down for weapons, finding nothing. Gregory asked defendant if he had any weapons in his car, and defendant said, "No. You can check it if you want to." Before starting the search, the officer asked, "You don't care if I check the car then, do you?"; and defendant responded, "Naw, I don't care."

When Trooper Gregory began his search of the car, he noticed that parts of the steering column and dashboard had been removed, and began to think defendant might have been driving a stolen car. And in the back seat, in an open bag, Trooper Gregory found scales with a white powdery substance on them. Based on the scales with the white substance, defendant's lack of a driver's license, and the possibly stolen vehicle, Trooper Gregory handcuffed defendant and waited for back-up.

Trooper Gregory's back-up was Deputy Scott Whitwell, who watched defendant as Trooper Gregory finished his search. Deputy Whitwell noticed that defendant kept turning from side to side, moving his handcuffed hands as if he were trying to grab or adjust something in his waistband. Deputy Whitwell then pulled up defendant's shirt, revealing a plastic bag containing cocaine tucked into his waistband.

1. Defendant first argues that the initial stop was illegal because

it was pretextual. The United States Supreme Court has held, however, that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. See *Whren v. United States*, 517 U. S. ___ (116 SC 1769, 135 LE2d 89) (1996). In other words, if the driver of a stopped car has broken a traffic law, no matter how relatively minor, a motion to suppress evidence can no longer be based on the argument that the stop was pretextual — at least under federal law. See *Jackson v. State*, 267 Ga. 130 (5) (a) (475 SE2d 637) (1996); *Freeland v. State*, 223 Ga. App. 326 (1) (477 SE2d 633) (1996) (both relying on *Whren* to hold that a stop was permissible under the Fourth Amendment if the person stopped had broken the law, regardless of the officer's subjective intent or the objective reasonableness of the stop). In this case, defendant was speeding, so his stop was not illegal under the Fourth Amendment.

Defendant argues that we should construe the search and seizure clause of the Georgia Constitution to prohibit pretextual stops even though they are not prohibited by the Fourth Amendment. Cf. *Gary v. State*, 262 Ga. 573, 574 (422 SE2d 426) (1992) (noting that the State may impose higher standards on searches and seizures than those required by the federal constitution, and holding that the good faith exception to the exclusionary rule recognized by the United States Supreme Court does not apply under Georgia law). This is a question of constitutional construction which will have to be decided by the Supreme Court of Georgia. The issue is not properly presented for appellate review in this case, however, as it was not explicitly argued and ruled on below.[1] Cf. *Marr v. Ga. Dept. of Ed.*, 264 Ga. 841 (452 SE2d 112) (1995) (party must elicit specific ruling on constitutional question to preserve it for appellate review).

2. Defendant next contends that even if the initial stop was valid, the subsequent search of defendant and his vehicle was not.

(a) In denying the motion to suppress, the trial court implicitly found that defendant had consented to the search of his vehicle. When reviewing a ruling on a motion to suppress, the appellate court will accept the trial court's findings unless they are clearly erroneous; and this deference to the trial court's findings applies to implicit as well as explicit findings. See *Garcia v. State*, 207 Ga. App. 653 (1)

---

[1] Indeed, the trial court simply denied the motion to suppress without explanation, and from comments made by the court at the hearing on the motion, it appears the court found as a matter of fact that the stop was *not* pretextual. And this finding was not clearly erroneous. See *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1995) (trial court's findings are accepted unless they are clearly erroneous). The hearing on defendant's motion to suppress took place prior to the United States Supreme Court's decision in *Whren,* but the order denying defendant's motion was issued a month after *Whren.*

(a) (428 SE2d 666) (1993).

Trooper Gregory testified that defendant consented to the search of his car; defendant testified that he did not remember doing so. There is a videotape of the stop, and while parts of it are inaudible, it does show that defendant told the officer at least twice that he could check his car. Although the better practice is to advise the driver of his right to disallow the search, and to have him sign a written consent form if possible (neither of which was done in this case), these procedures are not absolutely necessary to a valid consent if all the circumstances show the oral consent was freely and voluntarily given. See *State v. McBride*, 261 Ga. 60 (1) (401 SE2d 484) (1991); *Code v. State*, 234 Ga. 90, 95, n. 1 (214 SE2d 873) (1975); *Garcia*, 207 Ga. App. at 654-656 (1) (b). The videotape in this case shows that defendant was an adult; that even though he was nervous, he was articulate and alert; that he gave Trooper Gregory permission to search the car within five minutes of stopping; and that his permission was not the product of coercion or deceit. Under these circumstances, the trial court did not err in finding defendant validly consented to the search of his vehicle.

(b) After Trooper Gregory found the scales with apparent cocaine residue on them, he handcuffed defendant. A person is under arrest if he is not free to leave and a reasonable person in his position would not think that the detention was temporary. See *Scretchen v. State*, 192 Ga. App. 436 (1) (385 SE2d 115) (1989). Although the officer told defendant he was not under arrest at that time, we conclude that he was; a reasonable suspect, knowing that the officer had found the scales, would not believe that he was free to leave or that his detention was only going to be temporary.

And this arrest was lawful. An officer may make a warrantless arrest (and search) if, at the time of the arrest, he has probable cause to believe the accused has committed or is committing an offense. See *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988). In this case, at the time of the arrest Trooper Gregory knew that defendant was driving without his license; that defendant was driving a car damaged in a way which suggested it was stolen; and most importantly, that defendant had scales with a white substance on them that looked like cocaine. This information was sufficient to cause a prudent person to believe defendant had committed or was committing a crime. See *Bright v. State*, 265 Ga. 265, 279 (5) (a) (455 SE2d 37) (1995); *Holmes v. State*, 222 Ga. App. 642 (476 SE2d 37) (1996). Thus, the arrest of defendant was authorized, and the cocaine seized during the second officer's subsequent search of defendant did not need to be suppressed. See *Ridgeway v. State*, 205 Ga. App. 218 (422 SE2d 4) (1992).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 30, 1997 —
RECONSIDERATION DENIED JUNE 18, 1997 — 

 Before Judge Craig.

*Dwight L. Thomas*, for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.