## S98A0345. MOORE v. RAY.
(499 SE2d 636)

BENHAM, Chief Justice.

This appeal concerns statutory restrictions on parole eligibility. In 1990, appellant Frank Moore was sentenced as a recidivist under OCGA § 17-10-7 (c)[1] to two consecutive terms of ten years of probation. That probation was revoked in 1992, but Moore was informed by the State Board of Pardons and Paroles (hereinafter, "Board") that he would be eligible for parole in 1995. However, he was informed in 1995 that because he had been sentenced in 1990 as a recidivist under OCGA § 17-10-7 (c), he was not, according to advice from the Attorney General and this Court's decision in *Freeman v. State*, 264 Ga. 27 (440 SE2d 181) (1994), eligible for parole. Moore filed a petition for a writ of mandamus by means of which he sought to compel

---

[1] That subsection, designated as OCGA § 17-10-7 (b) prior to the passage of the Sentence Reform Act of 1994 (Ga. L. 1994, p. 1959), and its predecessors have provided since 1953 that persons sentenced as recidivists shall not be eligible for parole until the maximum sentence has been served.

Ray, as Chairman of the Board, to consider him for parole. The superior court held that because the prohibition against parole was in place when Moore was sentenced, he was not eligible for parole, and that the statute, like the one considered in *Freeman,* supra, did not impinge on the authority of the Board to grant parole, but rendered Moore ineligible for parole. This Court granted Moore's application for discretionary review to consider the correctness of that ruling.

1. In *Freeman,* supra, this Court held that OCGA § 17-10-16, which provides for a sentence of life without parole, does not violate the doctrine of separation of powers. The rationale for that holding was that the legislature possesses the power to prescribe punishment for crime, and a statute which provides for a sentence of life without parole does not impinge on the authority of the Board to grant parole, but renders the defendant ineligible for parole. Moore argues that the rationale of *Freeman* is invalid and that the legislature may not render a defendant ineligible for parole. We disagree.

Central to the holding in *Freeman* is an analogy to the death penalty as the ultimate sentence under which a defendant is ineligible for parole:

> The passage by the legislature of a statute providing for a sentence of life without parole, like the passage of legislation establishing the death penalty, does not impinge on the authority of the Board but, rather, renders the defendant ineligible for parole in the first instance.

Id. at 29. We believe that analogy is valid and adhere, therefore, to our holding in *Freeman* that the legislature's power to prescribe punishment for crime includes the power to make ineligibility for parole part of the punishment.

We also reject Moore's contention in the alternative that *Freeman* is inapposite to his case. Just as OCGA § 17-10-16 provides that a person convicted of any offense for which a sentence of death could be imposed may be given a sentence under which that person is ineligible for parole, OCGA § 17-10-7 (c) provides that persons who are convicted of a fourth felony are ineligible for parole. The rationale of *Freeman,* that the legislature has the power to make ineligibility for parole part of the punishment for committing a crime, is directly applicable to the present case.

2. Moore argues finally that application of OCGA § 17-10-7 (c) to him is a violation of the prohibition against ex post facto laws. His argument is based on the inclusion of an effective date provision in the Sentence Reform Act of 1994 (hereinafter, "the Act"). He asserts that the presence of an effective date showed that the legislature recognized the unconstitutionality of former OCGA § 17-10-7 (b) and

intended its successor, OCGA § 17-10-7 (c), to apply only to persons convicted after the effective date of the statute. The problem with that reasoning is that there is no support for the proposition that the legislature considered former OCGA § 17-10-7 (b) to be unconstitutional. Although the Board may not have enforced the parole ineligibility because two different Attorneys General opined that a predecessor of the statute and a statute which limited parole for certain drug offenders violated the separation of powers provisions of the Georgia Constitution (Op. Atty. Gen. 55-519; Op. Atty. Gen. 69-431), this Court has never considered the constitutionality of the statute until now. While opinions of the Attorney General are persuasive authority, they are not binding on the appellate courts. *C. W. Matthews Contracting Co. v. Collins*, 214 Ga. App. 532, 533 (448 SE2d 234) (1994).

Moore points out correctly that the rules of statutory construction require appellate courts to seek the intent of the legislature. *Johnson v. State*, 267 Ga. 77, 78 (475 SE2d 595) (1996). From the caption of the Act and from the declarations and findings enunciated in Section 2 of the Act, it is apparent that the primary purpose of the Act was to limit probation and parole for certain violent felonies and to provide for sentences of life without parole. Those provisions were new; the provision with which this case is concerned was preexisting and did not need to be provided for in the Act. The only effect the Act had on former OCGA § 17-10-7 (b) was to change its numbering and to add a few words at the beginning, neither of which was a substantive change. That being so, the provision of an effective date, so far as former OCGA § 17-10-7 (b) is concerned, had no effect on its applicability to sentences imposed prior to the effective date.

While "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law," (*Bouie v. City of Columbia*, 378 U. S. 347, 353 (84 SC 1697, 12 LE2d 894) (1964)), there has been no unforeseeable enlargement of a criminal statute in the enforcement of OCGA § 17-10-7 (c): the language of the statute is clear and unmistakable in its command and, as noted above, it has never been found unconstitutional by this Court. We conclude, therefore, that application of OCGA § 17-10-7 (c) to Moore does not constitute application of an ex post facto law.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1998.

*Stephen D. Pereira, Craig L. Cascio,* for appellant.

*Thurbert E. Baker, Attorney General, Carol A. Callaway, Senior Assistant Attorney General,* for appellee.