## A98A1707. COTTON v. THE STATE.

(513 SE2d 763)

McMurray, Presiding Judge.

Defendant Cotton appeals his conviction of the offenses of trafficking in cocaine, possession of marijuana with intent to distribute, driving under the influence of drugs, and following too closely. The sole enumeration of error maintains that the trial court erred by failing to suppress and exclude from admission at trial "evidence that was seized in violation of the Fourth and Fifth Amendments to the United States Constitution and the correlative provisions of the 1983 Constitution of the State of Georgia." *Held*:

A Georgia State Patrol Trooper on patrol on I-85 in Jackson County was contacted via citizens band radio and told of a motorist in a Honda who "was smoking a joint." The officer proceeded to overtake the described vehicle and found it approximately five feet behind a truck traveling on the interstate highway. A traffic stop was initiated and the Honda pulled over. The trooper exited his vehicle and approached the Honda. When defendant rolled down his window, the trooper immediately noticed a strong odor of marijuana and could see smoke. Defendant complied with the trooper's request that he step out of the vehicle and produce his driver's license and proof of insurance. The trooper told defendant that he had pulled him over because he had been reported to have been smoking a joint in the vehicle on the road and because he was following the truck very closely. Defendant denied smoking marijuana, denied possession of contraband, and denied consent to search the vehicle. The trooper asked defendant to sit in the rear seat of his patrol car, but first patted him down and asked him to empty his pockets, revealing that defendant had approximately $2,100 in his pocket. The trooper informed defendant that he was going to call a drug dog whereupon defendant told the trooper that "[t]here's a little in a bag in the back seat . . ." and consented to a search of his vehicle. The search of the car revealed cocaine, marijuana, and an additional approximately $4,000 of currency.

The stop of defendant's vehicle was authorized by the trooper's observation of the traffic offense of following too close. While the trooper acknowledged that he would not have stopped defendant but for the tip that defendant had been smoking a joint, and defendant has argued that the basis for the stop was pretextual, an officer's ulterior motive is of no consequence under the holding in *Whren v. United States*, 517 U. S. 806 (116 SC 1769, 135 LE2d 89). Since the officer had observed defendant violate a traffic law, the stop did not violate the Fourth Amendment or the Georgia Constitution. *State v. Kirbabas*, 232 Ga. App. 474, 480-481 (502 SE2d 314). See also *Welborn v. State*, 232 Ga. App. 837, 839 (2) (503 SE2d 85); *State v.*

*Bowen*, 231 Ga. App. 95 (498 SE2d 570); *Taylor v. State*, 230 Ga. App. 749, 750 (1) (b) (498 SE2d 113); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272).

The application of *Whren*, which was decided subsequent to the events at issue in this case, does not result in any violation of ex post facto constitutional provisions. As *Whren* did not result from a change or unforeseeable judicial enlargement of a criminal statute the ex post facto provision is inapplicable. *Moore v. Ray*, 269 Ga. 457 (499 SE2d 636); *Lloyd v. State*, 226 Ga. App. 401, 403 (5) (487 SE2d 44).

After stopping defendant's car, the tip received by the trooper concerning illegal drug use was corroborated by the odor of marijuana coming from defendant's car. This provided a reasonable basis for the trooper's suspicions that marijuana was present in the car and that defendant was driving under the influence of marijuana. *Taylor v. State*, 230 Ga. App. 751 (1) (c), supra. Due to these suspicions, the traffic stop became a brief investigative stop for a possible drug violation. *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204). Having effected a valid traffic stop, the trooper was authorized to request consent to search defendant's vehicle. *Taylor v. State*, 230 Ga. App. 751 (1) (c), supra; *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455).

Before placing defendant in his patrol car, the trooper patted him down in order to check for weapons. The trooper also asked defendant to empty his pockets. This resulted in the discovery that defendant had approximately $2,100 on his person. The evidence shows no duress and that defendant voluntarily consented to relinquish the contents of his pockets. *Brown v. State*, 211 Ga. App. 658, 659 (440 SE2d 253).

The trial court suppressed evidence as to defendant's statement granting consent for the search of his vehicle after applying the "reasonable person" test under *State v. Wintker*, 223 Ga. App. 65, 68 (476 SE2d 835). *Wintker* is predicated upon the recognition that " 'in custody' for *Miranda* purposes is broader than 'under arrest.' " Id. at 68. The trial court determined that after defendant was placed in the back of the trooper's car, the defendant was "in custody" for *Miranda* purposes even though he was not "under arrest." The trial court's conclusion that a reasonable person in defendant's circumstances would not feel that he was at liberty to terminate any interrogation and leave was based on the officer's retention of possession of defendant's driver's license and above an average amount of cash while placing him in the back of the patrol car to await the arrival of a drug dog. The trial court determined that "[t]he trooper should have read the defendant his *Miranda* warnings at this time and any statement made by the defendant should be suppressed."

Defendant unnecessarily argues that his consent to search his vehicle given while seated in the back of the patrol car was obtained in violation of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). This was established by the trial court's order and is the law of the case.

However, defendant's further argument that the *Miranda* violation warrants suppression of the physical evidence found in the automobile was rejected by the trial court, a conclusion with which we agree. Although the actual words spoken by defendant to give consent are suppressed under a Fifth Amendment analysis, that exclusionary rule does not apply to the fruits of the voluntary but *Miranda* tainted statement. *Wilson v. Zant*, 249 Ga. 373, 376-378 (1) (290 SE2d 442), overruled on other grounds, *Morgan v. State*, 267 Ga. 203, 204 (2) (476 SE2d 747). See also *Livingston v. State*, 264 Ga. 402, 407-408 (6) (444 SE2d 748); *Buttersworth v. State*, 260 Ga. 795, 797 (2) (400 SE2d 908).

Nor do we find merit in defendant's reliance upon the 1983 Constitution of the State of Georgia, Art. I, Sec. I, Par. XVI, which provides that: "No person shall be compelled to give testimony tending in any manner to be self-incriminating." The statutory embodiment of this provision which has been recognized as providing broader protection than the Fifth Amendment is OCGA § 24-9-20. However, that protection is not unbounded, and the provision has been construed to limit the State from forcing the individual to perform some act which will incriminate him or her. *Creamer v. State*, 229 Ga. 511, 515-517 (3) (192 SE2d 350). The grant of consent for the search of defendant's automobile was neither incriminating or exculpatory. Defendant was not required to do any act in connection with the search which was merely a taking of evidence from him. The trial court did not err in denying defendant's motion to suppress evidence.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 5, 1999 —
RECONSIDERATION DENIED MARCH 16, 1999 —

*Kenneth W. Krontz*, for appellant.
*Robert W. Lavender, District Attorney, James D. Duffy, Assistant District Attorney*, for appellee.