## A99A1762. THE STATE v. TERRY.
(522 SE2d 275)

BLACKBURN, Presiding Judge.

The State appeals the grant of Cliff Alan Terry's motion to suppress the results of an Intoxilyzer test, contending that the trial court improperly found that Terry's vehicle was stopped by Officer Nancy McMann without articulable suspicion or probable cause. For the reasons set forth below, we reverse.

"Because the evidence regarding the stop of [Terry] was undisputed, the trial court's application of the law to these facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994)." *Welborn v. State*, 232 Ga. App. 837, 838 (2) (503 SE2d 85) (1998).

The record shows that Officer Nancy McMann was on patrol in the early morning hours of March 8, 1998. Just outside a bar in Gwinnett County, McMann was flagged down by an unidentified man. This man told the officer that he witnessed a very intoxicated man preparing to drive a red and cream Ford Bronco out of the bar parking lot. Although the anonymous informant indicated that he did not know Terry, he stated that he had seen him drinking inside the bar.

Officer McMann pulled into the bar parking lot just as Terry was leaving it. Officer McMann followed Terry and pulled him over after she witnessed the Bronco improperly straddling two adjacent turn lanes. As Officer McMann approached Terry, she noticed that Terry's eyes were glazed and bloodshot and that he had the moderate odor of an alcoholic beverage about him. Although he initially stated that he had not been drinking, Terry later admitted that he had done so. Terry then failed a horizontal gaze nystagmus test performed by the officer and tested positive for alcohol on an alco-sensor test. At that time, Officer McMann arrested Terry, cited him for failure to maintain lane and driving under the influence of alcohol, and escorted him to the police station where a breathalyzer test showed Terry's blood-alcohol level to be .095.

> Although an officer may conduct a brief investigative stop of a vehicle (see *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979)), such a stop must be justified by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968). See also *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). The U. S. Supreme Court recognized the difficulty in defining "the elusive concept of what cause is sufficient to authorize police to stop a person," and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981).

*Vansant v. State*, supra at 320 (2).

Citing *Vansant*, Terry argues that his stop was pretextual and that Officer McMann had no particularized and objective basis for suspecting him because the description provided by the anonymous informant was not sufficiently specific.

The United States Supreme Court has held, however, that when an officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer had ulterior motives in initiating the stop, and even if a reasonable officer would not have made the stop under the same circumstances. See *Whren v. United States*, 517 U. S. [806] (116 SC 1769, 135 LE2d 89) (1996).

*Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997).

The evidence of record shows that Terry improperly straddled two turn lanes after exiting the bar parking lot, and Officer McMann testified that she stopped Terry for this reason. Under these circumstances, the stop was proper, and Terry's motion to suppress the results of his breath test should have been denied.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 8, 1999.

*Gerald N. Blaney, Jr., Solicitor, Tracy S. Drake, Jeffrey P. Kwiatkowski, Assistant Solicitors*, for appellant.

*Chandler & Britt, Walter M. Britt, Deborah F. Weiss*, for appellee.