A02A0178. DORSCH v. THE STATE.
(564 SE2d 547)

PHIPPS, Judge.

Dennis Dorsch appeals his conviction for DUI, challenging the legality of the traffic stop. Because the record reveals that the stop was permissible, we affirm.

---

[3] OCGA § 16-8-41 (a).
[4] 234 Ga. App. 889 (508 SE2d 215) (1998).
[5] See id.
[6] See *State v. Watson*, 239 Ga. App. 482 (2) (520 SE2d 911) (1999).

The officer who stopped Dorsch testified at trial that at about 11:50 p.m. on September 18, 1998, the car that Dorsch was driving caught his attention when it "made a very abrupt lane change." For about a mile, the officer paced Dorsch's car, i.e., compared Dorsch's speed to his own.[1] During that time, the officer observed Dorsch exceed the speed limit and stopped him.

An officer may make a brief investigatory stop if such stop is "justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct."[2] A stop of a vehicle is authorized if the officer observed a traffic offense.[3] Because the officer saw Dorsch violate a traffic law, the resulting traffic stop was permissible.[4]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002.

*Gregory W. Holt, Jerome Lee*, for appellant.
*Alan R. Tawse, Jr.*, Solicitor-General, *Arthur J. Creque*, Assistant Solicitor-General, for appellee.

---

[1] See *Patel v. State*, 240 Ga. App. 178, 179 (522 SE2d 760) (1999) (pacing is an established method of determining vehicle speed); *Staley v. State*, 224 Ga. App. 806 (1) (482 SE2d 459) (1997); *Turner v. State*, 236 Ga. App. 592, 594 (1) (512 SE2d 699) (1999).

[2] *Chiasson v. State*, 250 Ga. App. 63, 64 (1) (549 SE2d 503) (2001); see *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[3] See *Cotton v. State*, 237 Ga. App. 18 (513 SE2d 763) (1999); *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997); *Freeland v. State*, 223 Ga. App. 326, 327 (1) (477 SE2d 633) (1996).

[4] *Cotton*, supra; *Brantley*, supra; *Freeland*, supra.