A06A2108. GREEN v. THE STATE.
(637 SE2d 498)

MIKELL, Judge.

Following a jury trial, Bryant Green was convicted of possession of cocaine with intent to distribute and possession of marijuana with intent to distribute. He appeals the denial of his motion to suppress, challenging the searches of his vehicle and his residence. We find no error and affirm Green's convictions.

> On appeal from a trial court's denial of a motion to suppress, the evidence is construed most favorably to uphold the court's findings and judgment. If there is any evidence to support the trial court's findings on disputed facts and credibility, they will not be disturbed unless clearly erroneous. When reviewing a trial court's ruling on a motion to suppress, we may consider trial testimony in addition to the testimony submitted during the motion to suppress hearing.[1]

The evidence presented during the motion to suppress hearing and at trial showed that the Crime Suppression Unit ("CSU") of the Coweta County Sheriff's Department had been investigating Green for three to four months based on information from concerned citizens and a

---

confidential informant that Green was conducting illegal drug activity at his residence. On May 20, 2005, the informant advised Corporals Pat Lyons and Mark Storey, investigators with the CSU, that Green was en route to his residence with cocaine in his vehicle and would arrive at approximately 12:30 or 1:00 p.m. The officers traveled to the residence and set up surveillance for a vehicle that Green was expected to be driving. At approximately 12:45 p.m., a black Suburban matching the description of the vehicle for which they were waiting soon approached the residence. Lyons testified that he activated his emergency equipment before the vehicle reached the residence because it was displaying an invalid drive-out tag. Storey explained that valid drive-out tags have a strip on the bottom to prevent tampering with the expiration date, and that the drive-out tag on Green's vehicle was suspicious because it did not have the strip.

Upon stopping the vehicle in the driveway of the residence, Green exited the car and began walking away. As Lyons approached the front passenger side of the vehicle he smelled a strong odor of marijuana and observed smoke inside the vehicle. A passenger, Donna Eskew, told Lyons that she was Green's girlfriend; that she had just smoked a marijuana cigarette and threw it out of the window; that she lived at the residence with Green; that there was marijuana on a dresser in the residence; that the marijuana belonged to her; and that "anything else . . . found in the house belonged to . . . Green." Green refused to consent to a search of the residence and denied living there. Lyons then obtained a search warrant for Green's residence based on Eskew's statements and information provided by the confidential informant. Several officers, including Lyons and one K-9 officer, executed the warrant and found marijuana on top of a dresser and inside an air conditioning vent. Officers also discovered cocaine and drug paraphernalia in the residence and a large amount of cash on Green's person.

At trial, the state introduced into evidence "State's Exhibit 4," an official Georgia dealer temporary license plate, or drive-out tag. Lyons explained that a valid drive-out tag has "a metallic looking seal going across the front with the seal of Georgia on the front side of it" and must resemble State's Exhibit 4. Lyons testified that he stopped Green because his drive-out tag did not have the metallic seal. Green moved to suppress the evidence found in his home, arguing that it was obtained through an illegal traffic stop. The trial court denied the motion, finding that the traffic stop was legal.

1. Green challenges the denial of his motion, contending that the initial stop of his vehicle was invalid and based on a pretext of an invalid drive-out tag. We disagree.

"An officer may stop a car to conduct a brief investigation if specific, articulable facts give rise to a reasonable suspicion of criminal conduct."[2] In determining whether the officer acted reasonably, "due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience."[3] Even if the officer witnessed only a minor traffic violation, a motion to suppress on the ground that the stop was pretextual must fail.[4] However, "stopping a car with a drive-out tag solely to ascertain whether the driver was complying with our vehicle registration laws is . . . not authorized."[5] In this case, Lyons did not stop Green's car on a "mere hunch," or solely to ascertain whether he was complying with our vehicle registration laws, but did so based on a reasonable suspicion that Green was driving with an invalid drive-out tag, a misdemeanor under OCGA § 40-2-8. Accordingly, the trial court did not err in determining that the stop was lawful.

2. In light of our ruling in Division 1, we need not reach Green's related argument that the affidavit submitted in support of the search warrant was insufficient because it relied on information obtained as the result of an illegal traffic stop.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED OCTOBER 18, 2006.

*Graylin C. Ward, Gerald P. Word*, for appellant.
*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.

---

[2] (Footnote omitted.) *Lough v. State*, 276 Ga. App. 495, 498 (1) (623 SE2d 688) (2005). See also *Terry v. Ohio*, 392 U. S. 1, 21 (III) (88 SC 1868, 20 LE2d 889) (1968).

[3] *Terry*, supra at 27 (III).

[4] *Wright v. State*, 272 Ga. App. 423, 427 (2) (612 SE2d 576) (2005), citing *State v. Reddy*, 236 Ga. App. 106, 108 (1) (b) (511 SE2d 530) (1999).

[5] *Bius v. State*, 254 Ga. App. 634, 636 (2) (563 SE2d 527) (2002) (stop unlawful where no testimony that appearance of drive-out tag led officer to believe that defendant was violating the vehicle registration laws), overruling *Burtts v. State*, 211 Ga. App. 840 (440 SE2d 727) (1994), which approved investigatory stops of any vehicle displaying a dealer drive-out tag. See also *Berry v. State*, 248 Ga. App. 874, 879-881 (3) (547 SE2d 664) (2001) (stopping vehicle with dealer drive-out tag based on hunch that any vehicle with such a tag might be stolen not permitted). But see *Chiasson v. State*, 250 Ga. App. 63, 64 (1) (549 SE2d 503) (2001) (stopping vehicle to investigate whether faded or weathered drive-out tag was in compliance with vehicle registration laws permitted).