# Court of Appeals of the State of Georgia

ATLANTA,  September 30, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0363. EARNEST BLAND MORROW v. THE STATE.**

In 2011, Earnest Morrow pled guilty to aggravated battery and related offenses and was sentenced to 20 years in confinement, followed by 6 years of probation. He was sentenced as a recidivist under OCGA § 17-10-7 (c),[1] making him ineligible for parole during his confinement. In 2024, Morrow filed a motion to vacate his sentence, which the trial court denied. Morrow then filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was

---

[1] OCGA § 17-10-7 (c) provides that any person convicted of a fourth felony shall "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order rejecting a request to modify a sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In his motion to vacate, Morrow argued that his sentence was void because the Georgia Constitution requires parole eligibility for those who, like him, have reached the age of 62.[2] Because Morrow has not alleged that the sentence imposed fell outside the statutory range of punishment for his offenses, he has not raised a colorable void sentence claim. See *von Thomas*, 293 Ga. at 572 (2). Moreover, the Supreme Court previously determined that the parole eligibility restrictions in OCGA § 17-10-7 do not impinge on the parole board's authority to grant parole. See *Moore v. Ray*, 269 Ga. 457, 458 (1) (499 SE2d 636) (1998) ("[T]he legislature's power to prescribe punishment for crime includes the power to make ineligibility for parole part of that punishment."). Therefore, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* 09/30/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Ga. Const. of 1983, Art. IV, Sec. II, Par. II (e) states that "the State Board of Pardons and Paroles shall have the authority to . . . parole any person who is age 62 or older."