A89A1309. FULTON v. THE STATE.
(385 SE2d 777)

BANKE, Presiding Judge.

On appeal from his conviction of trafficking in cocaine, the appellant contends that the trial court erred in denying his motion to suppress the contraband on which his conviction was based.

The appellant caught the attention of Drug Enforcement Administration Agent David Noe at the Atlanta Airport as he was deplaning from a flight from Miami, which was described by Noe as a drug source city. Based on the fact that the appellant seemed to avoid the gate agent in favor of obtaining information concerning connecting flights from a television screen, Noe approached him at the bottom of an escalator, displayed his credentials as a law enforcement officer and introduced himself. The appellant agreed to speak with the agent and, at the latter's request, produced his airline ticket, which Noe observed to be a one-way ticket to Washington, D. C., purchased with

cash earlier that day in Miami. The agent further observed that the ticket had a baggage claim check attached to it. Noe asked the appellant his name, and he responded, "Ronald Fulton," which was the name on the ticket. Also, in response to a request for identification, the appellant produced a social security card and a "Florida identification card," both of which also bore the name "Ronald Fulton." Noe returned the documents to the appellant, advised him that he was investigating illegal drug trafficking at the airport, and asked him if he would agree to a search of his person. The appellant consented, and the agent conducted a patdown. However, this search did not result in the discovery of any contraband.

Noe then inquired about the appellant's luggage. The appellant responded that he had checked his bag in Miami the day before but then had missed his originally scheduled flight, with the result that the bag should already have arrived in Washington. Agent Noe testified that he believed this information to be false because the appellant's ticket had been purchased that same day, and he knew it was airline policy not to accept baggage without a ticket. He then asked the appellant if he would consent to a search of his bag by an agent in Washington, and the appellant replied that he would.

At this time the agent noted the baggage claim check number and asked the appellant for a description of the bag. The appellant replied that it was a medium size, blue Samsonite suitcase. The agents then looked through the luggage which had been checked in Atlanta for the next Delta flight to Washington and found a beige London Fog tote bag bearing the name, "Ronald Fulton," along with a baggage check number identical to the one attached to the appellant's ticket. The appellant was thereupon advised his bag had been located in the Atlanta Airport and was asked again if he would consent to it being searched. According to Agent Noe, the appellant gave his consent but declined the offer of an opportunity to be present during the search, explaining that he wished to inquire about changing his connecting flight. Agent Noe then asked the appellant if another agent "could walk with him," and, according to Noe, the appellant again agreed. The ensuing search of the appellant's bag resulted in the discovery of 500 grams of cocaine. While the appellant acknowledged that the bag was his, he denied knowledge of the presence of the cocaine. *Held*:

1. The trial court did not err in denying the appellant's motion to suppress, based on the undisputed evidence of record showing that the appellant had consented to the search of the bag. " 'The facts disclose a valid police-citizen encounter followed by (appellant's) consent to the officer's examination of (his person and tote bag.) (Cits.) Thus, the appeal presents only a question of fact as to whether there was a valid consent to search. This was a matter exclusively within the

province of the factfinder, the trial court. (Cit.)' " *Miller v. State*, 183 Ga. App. 55, 56 (357 SE2d 876) (1987). "Unless clearly erroneous, the trial court's rulings on disputed facts and credibility at a suppression hearing must be accepted . . . on appeal. . . ." *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40) (1983). The trial court's ruling on the motion to suppress in the present case was supported by the evidence and was not clearly erroneous.

2. Having reviewed the evidence in the light most favorable to the verdict, we hold that it was sufficient to enable a rational trier of fact to find the appellant guilty of trafficking in cocaine beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Lillian L. Neal*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.