## A93A1977. THE STATE v. WILLIAMS.
(441 SE2d 501)

SMITH, Judge.

Trazet Taymea Williams was charged with trafficking cocaine. OCGA § 16-13-31 (a) (1). The State brings this appeal pursuant to OCGA § 5-7-1 (4) from the trial court's grant of Williams's motion to suppress cocaine found in a warrantless search of her apartment.

The evidence presented at the hearing on the motion showed that on the night of June 19, 1992, Officers J. W. Downing and Alan Holloway of the Clayton County Police Department responded to a 911 call regarding a possible burglary. The call originated at apartment 2H on Highway 85, and the officers went to that location. They found the occupant of that apartment and Williams, who was dressed in a nightgown. Williams appeared upset and shaken and had fresh cuts and bruises all over her body. She informed Downing she had arrived at her nearby apartment and was leaving her car to enter her home when she observed two men in a large vehicle driving up and down the street, causing her to become very nervous. Nevertheless, she entered her apartment, locked the door, and prepared for bed. She then heard loud pounding on her front door, became frightened, and ran out the back door. She jumped over a railing and ran to the apartments on Highway 85 a short distance away.

Downing testified that, he, Holloway, and Williams went back to Williams's apartment at his suggestion for two reasons: to "make sure that these people that were there weren't in her apartment" and to check on the child's safety, since Williams appeared to be concerned because her daughter was in the apartment. Holloway also testified that Williams had voiced some concern about her child. Both officers testified that when in Williams's apartment they were looking only for possible suspects.

1. The State contends the trial court erroneously granted Williams's motion to suppress, because the undisputed evidence shows that Williams freely and voluntarily consented to the search of her apartment. We do not agree.

Holloway testified that Williams had given the officers permission to enter the apartment. Downing, however, testified on direct examination only that Williams never told him *not* to enter. On cross-examination, Downing did not recall specifically asking for Williams's permission to search. After being challenged with his prior contradictory testimony at the hearing before a magistrate, Downing admitted that he asked Williams for her consent, that she did not respond to his

question, and that she never gave him permission to search. As held by this court in *Miranda v. State*, 189 Ga. App. 218 (375 SE2d 295) (1988), quoting *United States v. Berry*, 670 F2d 583, 596 (5th Cir. 1982), although silence in the face of a request for permission to search may, when accompanied by other conduct, sometimes be interpreted as acquiescence, such " 'acquiescence cannot . . . substitute for free consent.' " *Miranda*, supra at 221 (3).

The evidence was therefore in conflict, and there was "a question of fact as to whether there was a valid consent to search. This was a matter exclusively within the province of the factfinder, the trial court. Unless clearly erroneous, the trial court's rulings on disputed facts and credibility at a suppression hearing must be accepted . . . on appeal. The trial court's ruling on the motion to suppress in the present case was supported by the evidence and was not clearly erroneous." (Citations and punctuation omitted.) *Fulton v. State*, 192 Ga. App. 693, 694-695 (1) (385 SE2d 777) (1989).

The State also argues, relying on *Brown v. State*, 856 SW2d 177 (Tex. Cr. App. 1993), that Williams implicitly consented to the search of her apartment when she called 911 and requested police assistance. *Brown* held that when a crime is reported by an individual who owns or controls the premises to which police are summoned and who either states or suggests that the crime was committed by a third person, he or she implicitly consents to a search of the premises reasonably related to the routine investigation of the offense and identification of the perpetrator. In this case, however, the police were not summoned to Williams's apartment but to a nearby apartment where she had fled. Downing admitted that the 911 call had not been placed by Williams but by the occupant of the apartment to which the police had originally responded. Downing also admitted that Williams had not asked the officers for help. Even if *Brown* were binding on this court, it is based on clearly distinguishable facts. The trial court did not err in finding that Williams had not consented to the search of her apartment.

2. The State also contends the trial court erred in granting Williams's motion to suppress because the search was justified by exigent circumstances. We do not agree.

The State argues that Williams's expressed concern for her daughter in the apartment, as well as the officers' observation of signs of violence, created an emergency to which they were entitled to respond by entering and searching the apartment. See generally *Gilreath v. State*, 247 Ga. 814, 820-822 (1) (279 SE2d 650) (1981). See also *Hatten v. State*, 253 Ga. 24, 25 (2) (315 SE2d 893) (1984). Although both officers testified that Williams had voiced some concern for her daughter and that they observed signs of violence at Williams's apartment, the officers' testimony on cross-examination also

left the evidence in conflict, or at least in doubt, on the question of the existence of exigent circumstances. Downing was cross-examined regarding both the incident report he wrote immediately after the incident and his testimony at the hearing before a magistrate given four days after the incident, in neither of which had he mentioned anything about Williams's daughter. Both officers admitted no child was found in the apartment. Although Downing testified he observed a front railing that appeared to have been knocked down, he also testified they found the front door closed and presumably locked, as Williams had told them it would be, and detected no evidence of forced entry. In view of the questionable evidence of any emergency, together with the undisputed evidence that Williams did not request police assistance and that no child was found in the apartment, we cannot say the trial court's failure to find exigent circumstances sufficient to support a warrantless search was clearly erroneous.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 24, 1994.

*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant District Attorney,* for appellant.

*Herbert Shafer,* for appellee.