## A97A0385. THE STATE v. WILLIAMS.
(486 SE2d 637)

POPE, Presiding Judge.

Defendant Anthony Maurice Williams was indicted for possession of a controlled substance with intent to distribute, possession of marijuana with intent to distribute, obstruction, possession of a controlled substance with intent to distribute within 1,000 feet of a

housing project, and possession of marijuana with intent to distribute within 1,000 feet of a housing project. Defendant filed a pretrial motion to suppress all evidence against him on the ground that such evidence was recovered pursuant to an illegal seizure of defendant. The trial court granted defendant's motion, and the State appeals. We affirm.

Construed in a light most favorable to upholding the trial court's findings and judgment, see *State v. Burnett*, 220 Ga. App. 133 (469 SE2d 324) (1996), the evidence presented at the hearing on defendant's motion to suppress shows that Officer Wood was on morning patrol in a marked police car when he observed four men, including defendant, standing on a curb near a housing project. Although no illegal or suspicious activity was seen, Wood testified that the physical location of the four men drew his attention to them, as curb areas are popular locations for drug sales and the area around the housing project was known for drug activity. Based on the above, and the fact that he did not recognize any of the men, Wood parked his car close to the men, called for backup and approached the men. As he approached, he asked them how they were doing. When they did not reply, Wood inquired: "Does anybody have any weapons on them?" In response to this question, none of the men said anything, but instead gestured by raising their hands in the air. At that point, Wood immediately began patting defendant down for weapons. As Wood moved to search one of the other men, defendant fled the scene. Wood pursued defendant and grabbed him, but defendant wrestled free. Within less than a minute, however, defendant collided with a backup patrol car that blocked his path. After throwing a bag purportedly containing cocaine and marijuana against a nearby wall, defendant was apprehended and arrested.

It is undisputed that Wood had no articulable suspicion or probable cause sufficient to warrant stopping and searching defendant. Nevertheless, the State contends the trial court erroneously granted defendant's motion to suppress because defendant's gesture in raising his hands and his failure to verbally object to the weapons search clearly demonstrate that defendant had voluntarily consented to the search and, thus, that the detainment and search did not constitute an illegal seizure. We do not agree.

Under the circumstances presented in the instant case, the issue of whether defendant voluntarily consented to the search was subject to interpretation and constituted a question of fact exclusively within the province of the trial court as the factfinder. *State v. Williams*, 212 Ga. App. 164, 165 (1) (441 SE2d 501) (1994). Unless clearly erroneous, the trial court's ruling as to this issue must be accepted. Id. Upon review, we cannot say as a matter of law that such error occurred because the gesture made by defendant and the other men

could be interpreted as merely a negative response to Wood's question about weapons, rather than consent to the immediate search that ensued. And while it is true that defendant did not verbally object before or during the search, as the trial court pointed out, "silence in the face of a request for permission to search may, when accompanied by other conduct, sometimes be interpreted as acquiescence, [but] such acquiescence cannot substitute for free consent." (Citations and punctuation omitted.) Id.; see *Miranda v. State*, 189 Ga. App. 218, 221 (3) (375 SE2d 295) (1988).

In the absence of free and voluntary consent to the search, or articulable suspicion or probable cause sufficient to authorize the search and detainment at issue, defendant's act in fleeing was justifiable. See *Jamison v. State*, 262 Ga. 40 (414 SE2d 466) (1992); *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993). And, contrary to the State's contention, it cannot be said as a matter of law that the illegal seizure had ended when Wood finished searching defendant and, thus, that the evidence obtained after defendant's apprehension was not obtained as a result of the illegal seizure. Clearly, the illegal seizure continued after the search in that defendant was not free to leave following the search, as is demonstrated by Wood's immediate attempt to physically prevent defendant from doing so.

In light of the above, the trial court was authorized to conclude that the evidence obtained following defendant's apprehension and arrest was obtained pursuant to an illegal seizure and, therefore, should be suppressed.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 2, 1997.

 Before Judge Bass.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellant.
*Law Offices of Michael Lewanski, James W. Krembs*, for appellee.