A98A2185. THE STATE v. HARRIS et al.
(513 SE2d 1)

JOHNSON, Chief Judge.

Linwood Harris was indicted for possession of cocaine and driving with a suspended license after police stopped the car he was driving and found crack cocaine in his passenger's purse. The passenger, Denise Peters, was indicted for possession of cocaine. Harris and Peters filed motions to suppress, which the trial court granted based on its determination that the stop was "unreasonably pretextual." The state appeals from the order granting those motions.

1. The state contends the trial court erred in finding that the police officer lacked a reasonable articulable suspicion of criminal activity to justify the stop. We agree and reverse.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Allenbrand v. State*, 217 Ga. App. 609 (1) (458 SE2d 382) (1996). The trial court's conclusion that the stop of Harris was invalid because it was unreasonably pretextual was clearly erroneous.

The arresting officer testified that other police officers in his department told him in the "last few weeks" preceding the stop that Harris' driver's license had been suspended. The officer recognized

Harris and pulled him over. He approached the car and asked Harris for his driver's license and proof of insurance. Harris replied that his license was suspended and that the officer already knew that. At the officer's request, Harris got out of the car. The officer asked Harris if he would consent to a search of the car. Harris agreed verbally and then, after the officer read Harris a written consent to search form, Harris signed the consent form.

Peters was in the front seat and another passenger was in the back seat of the car. The officer asked both passengers to step out of the car. A handbag was left on the front passenger seat. The officer asked the passengers who owned the purse. Peters replied that it was hers. The officer asked Peters if she would empty the purse. Without giving any verbal response, Peters emptied her purse onto the hood of the car. The contents included a substance which later tested positive for cocaine. Harris and Peters were arrested for possession of cocaine; Harris was also charged with driving with a suspended license. The officer then ran a computer check and verified that Harris' license was still suspended.

In order to justify stopping a car, an officer must have specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. *Jorgensen v. State*, 207 Ga. App. 545 (428 SE2d 440) (1993). "A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Punctuation omitted.) *Kingree v. State*, 228 Ga. App. 71, 72 (2) (491 SE2d 123) (1997). Information which an officer receives from another officer can provide sufficient grounds to create an articulable suspicion that will justify an investigative stop of a car. See *Walton v. State*, 194 Ga. App. 490, 491 (2) (390 SE2d 896) (1990).

Based on information he received from other officers that Harris' license was suspended, the officer in this case had specific and articulable facts indicating that Harris was committing a crime. A brief investigatory stop of the car was therefore justified. See *Brown v. State*, 223 Ga. App. 364, 365 (477 SE2d 623) (1996); *Stewart v. State*, 220 Ga. App. 295 (1) (469 SE2d 424) (1996).

We do not agree with Harris' contention that the stop was improper because the officer did not check to see if Harris' license had been reinstated before stopping him. The officer was entitled to rely on the information given to him by fellow officers. See *Chumbley v. State*, 180 Ga. App. 603 (349 SE2d 823) (1986). We point out that, in most cases, a driver must wait a minimum of 30 days after his license is suspended before applying for reinstatement. See OCGA §§ 40-5-67.2 (a) (1), (2), (3); 40-5-70; 40-5-84; 40-5-85. Indeed, a suspension in some cases lasts up to five years. OCGA § 40-5-75. The officer was not required to verify that the information he received

within the few weeks preceding the stop was still accurate before making a brief stop of the car. Given the nature of the activity in question, the lapse of time was acceptable and the officer's belief that Harris was driving with a suspended license was reasonable. In this regard, those cases involving lapses of time in the execution of warrants are instructive. See, e.g., *Tabb v. State*, 250 Ga. 317, 322-323 (2) (b) (297 SE2d 227) (1982); *Eaton v. State*, 210 Ga. App. 273-274 (1) (435 SE2d 756) (1993); *Wilbanks v. State*, 176 Ga. App. 533, 534 (3) (336 SE2d 312) (1985). If an officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later determination that the defendant had not committed a crime. See *McConnell v. State*, 188 Ga. App. 653, 654 (1) (374 SE2d 111) (1988).

Harris' argument that the stop was illegal because it was pretextual is unavailing. When a police officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop. See *Buffington v. State*, 228 Ga. App. 810, 812 (492 SE2d 762) (1997); *Brantley v. State*, 226 Ga. App. 872, 873 (1) (487 SE2d 412) (1997). If the officer witnesses even a minor traffic violation, a suppression motion arguing that the stop was pretextual must fail. *State v. Kirbabas*, 232 Ga. App. 474, 477 (502 SE2d 314) (1998); see generally *Jackson v. State*, 267 Ga. 130, 131 (5) (475 SE2d 637) (1996). It is undisputed that Harris was driving when his driver's license was suspended. The trial court's determination that the stop was pretextual and therefore invalid was clearly erroneous. See generally *State v. Diamond*, 223 Ga. App. 164, 166 (477 SE2d 320) (1996).

2. The state argues that the trial court erred in finding that the consent to search given by Harris and Peters was not freely and voluntarily given and was given as a result of the illegal stop. As discussed in Division 1, the stop was not illegal. We therefore consider whether the consent was freely and voluntarily given.[1]

(a) *Consent given by Harris.* Immediately upon being stopped, Harris orally gave the officer permission to search the car. The officer then read and gave to Harris a written consent form which stated that: he was advised of his right to refuse to consent to a search, of his right to withdraw consent at any time, and that the search was being conducted in connection with the investigation of a drug crime; he was not threatened in any manner or promised any reward; and

---

[1] Although the state argues on appeal that the search was justified as incident to a lawful arrest, the state made no such argument before the trial court. Where an entirely different basis for appeal is argued in the brief than was raised at trial, we will not consider it. See *Hobdy v. State*, 222 Ga. App. 625, 626 (475 SE2d 686) (1996); *Goins v. State*, 184 Ga. App. 452, 454 (361 SE2d 853) (1987).

he freely and voluntarily gave his consent with full understanding of his rights. Harris signed the form. We do not agree that his consent was not valid because the officer indicated on the form that the search was in connection with an investigation of a drug crime when the stop was purportedly for the license violation. There is no evidence Harris was misled about the purpose of the search or that the evidence seized was used for any purpose other than that to which he consented.

Voluntariness of consent must be determined from all the circumstances. *Hestley v. State*, 216 Ga. App. 573, 575 (1) (455 SE2d 333) (1995). Considering the totality of the circumstances, we find that Harris' consent to the search of his car was valid. See *Raney v. State*, 186 Ga. App. 758, 760 (368 SE2d 528) (1988).

Harris' reliance on *Murphy v. State*, 230 Ga. App. 365 (496 SE2d 512) (1998), is misplaced. In *Murphy*, unlike in this case, the consent was coerced. There, the defendant refused to consent and asked the officers whether he had the right to refuse to consent. Instead of answering his question, police asked Murphy about his motivation for refusing and then told him they were detaining him so they could obtain a search warrant.

Nor was the consent like that given in *State v. Frazier*, 229 Ga. App. 344 (494 SE2d 36) (1998). In *Frazier*, after the defendant consented to a test of his urine for the purpose of determining whether he was driving while under the influence of drugs or alcohol, officers used the test results to charge him with possession of cocaine. We held that the use of the test for any purpose other than that to which the defendant consented would exceed the scope of the consent given. Id. at 345. In the instant case, however, the consent form specifically provided that the purpose of the search was to investigate a drug offense. Harris was not misled and his consent was voluntary.

Moreover, Harris orally consented to the search. If oral consent was freely and voluntarily given, written consent was not necessary. *Brantley*, supra at 874 (2) (a).

(b) *Consent given by Peters.*

(i) Peters argues that the search of her purse was illegal because her consent was given during an illegal detention. See generally *Bowen v. State*, 210 Ga. App. 348, 349 (1) (436 SE2d 76) (1993). As discussed above, the detention in this case was not illegal. An officer who has legitimately stopped a car may make a brief inquiry of the driver and passengers and may request consent to search. See *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455) (1996); *Davis v. State*, 194 Ga. App. 482, 483 (1) (391 SE2d 124) (1990). Her challenge to the search on this basis is therefore without merit.

(ii) Peters claims she did not consent to a search of her purse; she merely acquiesced to the officer's authority. She argues that she was

not asked for her consent and was not told she had the right to refuse consent. As noted above, the officer retrieved the purse from the car, handed it to Peters and "asked her would she empty the purse." Without saying anything, she emptied the purse.

Where the state seeks to justify a warrantless search on grounds of consent, it has the burden of proving the consent was freely and voluntarily given. *Sutton v. State*, 223 Ga. App. 721, 724 (1) (478 SE2d 910) (1996). Silence in the face of a request for permission to search may sometimes be interpreted as acquiescence, but such acquiescence cannot substitute for free consent. *State v. Williams*, 226 Ga. App. 346, 348 (486 SE2d 637) (1997); *State v. Williams*, 212 Ga. App. 164, 165 (1) (441 SE2d 501) (1994). While Peters' conduct may well have signaled acquiescence, it did not show consent. See *Miranda v. State*, 189 Ga. App. 218, 221 (3) (375 SE2d 295) (1988). Peters was not informed of her right to refuse to consent to a search of her purse and did not give any express consent. See generally *Rogers v. State*, 206 Ga. App. 654, 660 (4) (426 SE2d 209) (1992). Under the totality of the circumstances, the trial court's conclusion that the cocaine found in Peters' purse was the product of a non-consensual search was not clearly erroneous. See *State v. Westmoreland*, 204 Ga. App. 312, 314 (418 SE2d 822) (1992). Accordingly, we affirm the trial court's grant of Peters' motion to suppress.

3. The state argues that Harris lacked standing to contest the search of Peters' purse. We agree.

"The Fourth Amendment right against unreasonable search and seizure is a personal right and may not be asserted vicariously. When, as in the instant case, the accused disavows ownership of or other legitimate possessory interest in the item searched, he has no legitimate expectation of privacy in that item, and thus a search violates no right." (Citations and punctuation omitted.) *Henderson v. State*, 211 Ga. App. 102, 103 (2) (438 SE2d 181) (1993). Harris did have a legitimate expectation of privacy in his *car*. See generally *Edwards v. State*, 194 Ga. App. 571, 572 (1) (391 SE2d 137) (1990). He gave up that expectation of privacy when he validly consented to a search of the car. Harris, however, never did have any ownership interest, possessory interest or expectation of privacy in *Peters' purse*. The trial court erred in granting Harris' motion to suppress evidence found in Peters' handbag as to charges pending against him. See generally *State v. Jackson*, 201 Ga. App. 810, 813 (1) (412 SE2d 593) (1991).

*Judgment affirmed as to Peters, reversed as to Harris. Smith and Barnes, JJ., concur.*

Decided February 1, 1999 —
Reconsideration denied February 18, 1999.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for the State.

*Healan Law Offices, William D. Healan III, Barbara A. Chakales*, for Harris.

*Kevin R. Christopher*, for Peters.