## A99A1962. YEARWOOD v. THE STATE.
(521 SE2d 689)

JOHNSON, Chief Judge.

Shannon Yearwood appeals from his conviction of driving under the influence of alcohol. He claims the trial court erred in denying his motion to suppress evidence discovered after the illegal stop of his car. The claim is without merit because the stop was legal. We therefore affirm the trial court's denial of Yearwood's motion to suppress.

The evidence presented at the motion to suppress hearing shows that a deputy sheriff was on patrol when he received a telephone call from a truck stop employee whom he had known for more than a year and who had previously given him reliable information. The employee asked the deputy to come to the truck stop because a waitress had complained that a woman and a man, who smelled of alcohol, were causing a disturbance in the restaurant. As the deputy was driving to the truck stop, he received another call from the employee telling him that the man and the woman were leaving the truck stop in a car. The employee described the car and gave the sheriff its license plate number.

Upon arriving at the truck stop, the deputy saw the described car driving out of a nearby gas station. When the driver of the car saw the deputy, he stopped and backed up into the gas station. After the deputy drove past the station, the driver pulled the car out of the station and headed in the opposite direction. The deputy turned his car around and followed the other car onto an interstate highway. The deputy eventually stopped the car for exceeding the speed limit.

Yearwood was driving the car, the woman who had been with him at the truck stop was sitting in the front passenger seat, and her

two small children were in the back seat. Yearwood was unable to produce a driver's license, smelled of alcohol, stumbled as he got out of the car, tested positive for alcohol on a roadside breath test, and consented to submit to a chemical test of his breath at the county jail. When Yearwood failed that test, the deputy arrested him for driving under the influence of alcohol.

Contrary to Yearwood's claim, the information provided to the deputy by the truck stop employee was credible even though it was hearsay information the employee had received from a waitress. When hearsay information is supplied by an identified interested citizen, the citizen's credibility is not as suspect and the analysis is not as stringent as when information is given by an anonymous tipster; a law-abiding concerned citizen has a built-in credibility and is deemed to be reliable. *Hinson v. State*, 229 Ga. App. 840, 842 (1) (c) (494 SE2d 693) (1997), rev'd on other grounds, 269 Ga. 862 (506 SE2d 870) (1998). The hearsay information in the current case was provided by a reliable and concerned citizen known to the deputy. Her credible information that Yearwood had caused a disturbance at the truck stop and was believed to be driving while under the influence of alcohol gave the deputy a reasonable and articulable suspicion justifying the stop of Yearwood's car. See *State v. Noble*, 179 Ga. App. 785 (347 SE2d 722) (1986).

Moreover, even if that information had not been reliable, the stop of Yearwood's car was lawful based on the deputy's testimony that he pulled the car over for speeding. The observation of a traffic offense justifies a police officer's stop of a vehicle. See *Hennings v. State*, 236 Ga. App. 473, 474 (1) (512 SE2d 357) (1999); *State v. Hall*, 235 Ga. App. 412, 414 (509 SE2d 701) (1998); *Coop v. State*, 186 Ga. App. 578, 579 (1) (a) (367 SE2d 836) (1988).

Because the deputy saw Yearwood speeding and also had reliable information from a known citizen, the trial court did not err in denying Yearwood's motion to suppress evidence discovered after the legal automobile stop. See *Cotton v. State*, 237 Ga. App. 18 (513 SE2d 763) (1999); *Dawson v. State*, 227 Ga. App. 38, 39-40 (1) (488 SE2d 114) (1997).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 1999.

*H. Samuel Atkins, Jr.*, for appellant.

*Dennis C. Sanders, District Attorney, William P. Doupe, Assistant District Attorney*, for appellee.