## A00A1457. FLYNN v. THE STATE.
(537 SE2d 752)

JOHNSON, Chief Judge.

Glenn Flynn was convicted of cocaine trafficking. He appeals, arguing that there is insufficient evidence that he knowingly possessed the cocaine found hidden in his luggage. The argument is without merit.

At trial, the state presented evidence that Flynn, a citizen of Great Britain, arrived at the Atlanta airport on a flight from Jamaica. Flynn picked up his bag from a baggage carousel and headed toward the airport exit. A customs inspector approached Flynn, who told the inspector that he was visiting a cousin. When Flynn could not give the name, address or telephone number of the cousin, the inspector decided to search Flynn's bag. In the bag, the inspector found two pairs of shoes which had hollowed-out soles containing packages of white powder. The powder weighed more than 1,000 grams and had a purity of 67 percent cocaine.

Flynn testified that he knew the shoes were in his bag but denied knowing that they contained cocaine. He claimed that the shoes belonged to an acquaintance in Jamaica and that he had agreed to deliver the shoes to the acquaintance's brother in Florida.

Flynn's testimony that he did not know the cocaine was in his bag does not mandate a finding of insufficient evidence that he knowingly possessed the cocaine. Rather, whether or not to believe such testimony was a question for the jury.[1] Based on all the evidence, the jury was authorized to resolve that question against Flynn and to find him guilty beyond a reasonable doubt of trafficking in cocaine.[2]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 21, 2000.

*Emmett J. Arnold IV*, for appellant.

---

[1] See *Straite v. State*, 238 Ga. App. 420, 421 (1) (518 SE2d 914) (1999).

[2] See *Fulton v. State*, 192 Ga. App. 693, 695 (2) (385 SE2d 777) (1989) (sufficient evidence where defendant denied knowledge of cocaine found in his bag); *Hamilton v. State*, 185 Ga. App. 749 (1) (365 SE2d 542) (1988) (sufficient evidence where defendant denied knowing that substance he put in his car trunk was cocaine).

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.