A02A0545. ANDERSON v. THE STATE.
(559 SE2d 85)

PHIPPS, Judge.

At a bench trial, Walter Anderson was convicted of possession of cocaine. He appeals, challenging the trial court's denial of his motion to suppress. Although the cocaine was seized during a consent search, he contends that his consent was tainted because he was being detained illegally. Finding Anderson's detention legal, we affirm.

On August 29, 2000, City of Jonesboro Police Officer Thomas stopped a car operated by Anderson. He made the stop because the car bore a dealer's drive-out tag without an expiration date in violation of state law. After Anderson produced documentation showing that the temporary tag had not expired, Thomas ran a check on Anderson's license and was advised by the radio dispatcher that the license had been suspended because of three drug convictions. As a result, Thomas arrested Anderson, who thereupon gave his consent to a search of the car. After cocaine was found during the search, Thomas was informed by the radio dispatcher that information had been overlooked which showed that Anderson had been given a probationary driver's license after his permanent license was suspended.

The determinative issue on the question of whether Anderson's detention was legal is whether there was probable cause for his arrest. In ascertaining whether there exists probable cause for an arrest, the arresting officer may be entitled to rely on information received by radio dispatch or provided by other officers even if the information later proves incorrect.[1] "The material inquiry is whether

---

[1] See *Cunningham v. State*, 231 Ga. App. 420, 422 (1) (498 SE2d 590) (1998), citing *Harvey v. State*, 266 Ga. 671 (469 SE2d 176) (1996).

the facts within the officer's knowledge at the time of the arrest constituted reasonably trustworthy information which was sufficient to authorize a prudent person to believe that [the suspect] had committed an offense. [Cit.]"[2] The evidence supports a finding that the radio dispatch received by Thomas, although erroneous, was "reliable enough to underlie the reasonable belief which is needed to establish probable cause for arrest."[3]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 16, 2002.

*Sexton & Morris, Ricky W. Morris, Jr., Joseph S. Key*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

---

[2] *Harvey v. State*, supra at 673.
[3] (Citations and punctuation omitted.) Id.
[1] *Bd. of Public Safety v. Jordan*, 252 Ga. App. 577 (556 SE2d 837) (2001).