A02A1091. MORROW v. THE STATE.
(572 SE2d 58)

RUFFIN, Presiding Judge.

Following a bench trial, the court found Joshua Keith Morrow guilty of driving under the influence with an unlawful alcohol concentration and to the extent that he was a less safe driver. Morrow appeals, challenging the sufficiency of the evidence and asserting that the trial court erred in denying his motion to suppress and admitting hearsay evidence. For reasons that follow, we affirm.

Viewed in a light most favorable to the court's finding of guilt,[1] the evidence shows that, at approximately 1:00 a.m. on June 11, 2001, Officer Charles Clark of the Henry County Police Department was dispatched to a Kroger grocery store. The dispatch advised Clark that two young, intoxicated males "were cursing and throwing things off the shelf." It appears that the two individuals left the Kroger, and the dispatcher gave Clark a description of the pickup truck they were driving, including the license plate number. As Clark was driving toward the store, he saw a pickup truck that matched the description traveling in the opposite direction.

Clark turned his car around and followed the truck. Clark never

---

[1] Morrow and the State stipulated that the trial court would determine his guilt or innocence based on the evidence presented at the motion to suppress hearing.

lost sight of the truck, and as he got closer, he discovered the license tag number matched the one he was given by the dispatcher. Clark followed the truck a short distance farther until it pulled into the driveway of a house. Clark testified that the driver, whom he identified as Morrow, "got out of the driver's side of the vehicle and about fell to the ground and his friend . . . got out of the passenger side." Clark told both individuals to step back, and when he approached Morrow, he "smelled a strong odor of alcoholic beverage coming from [Morrow's] breath." Morrow was arrested, and an Intoxilyzer 5000 subsequently measured his blood alcohol content at 0.194 grams.

1. Morrow asserts that the trial court erred in denying his motion to suppress evidence of what occurred after Officer Clark stopped his vehicle because Clark did not have a warrant or probable cause to make an arrest. Even assuming that Officer Clark stopped Morrow, which has not been shown, he did not need a warrant or probable cause.[2] Officer Clark had information that Morrow was intoxicated and had caused a disturbance at the Kroger, and that he was possibly driving while intoxicated. This information "gave the [officer] a reasonable and articulable suspicion justifying the stop of [Morrow's] car."[3]

2. We also reject Morrow's assertion that Officer Clark's testimony about the information he received from the police radio dispatcher was inadmissible hearsay. "[T]his situation is one of the rare instances in which hearsay was properly used to explain the [officer's] conduct."[4] The issue before the court was not whether Morrow was actually intoxicated and caused a disturbance at Kroger, but whether Officer Clark had a reasonable and articulable suspicion of such conduct to justify his investigation of Morrow. In forming his suspicion, Officer Clark was "entitled to rely on the information given him by a fellow officer."[5] The information provided by the dispatcher was thus admissible to explain Officer Clark's reason for investigating Morrow.[6]

3. Finally, we disagree with Morrow's assertion that there was insufficient evidence to support his conviction for driving under the influence to the extent that it was less safe. The evidence showed that when Morrow exited his truck he almost fell to the ground, that he had a strong odor of alcohol on his breath, and that he had a blood

---

[2] See *Yearwood v. State*, 239 Ga. App. 682, 683 (521 SE2d 689) (1999).

[3] Id.

[4] (Punctuation omitted.) *Scruggs v. State*, 227 Ga. App. 35, 36 (2) (a) (488 SE2d 110) (1997).

[5] (Punctuation omitted.) *Cunningham v. State*, 231 Ga. App. 420, 421 (1) (498 SE2d 590) (1998).

[6] See *Overand v. State*, 240 Ga. App. 682, 683 (1) (523 SE2d 610) (1999); *Yearwood*, supra; *Cunningham*, supra.

alcohol content of 0.194 grams. This evidence was sufficient for a rational trier of fact to find that Morrow was guilty, beyond a reasonable doubt, of operating a moving vehicle while under the influence of alcohol to the extent that it was less safe for him to drive.[7]

Judgment affirmed. Barnes, J., and Pope, Senior Appellate Judge, concur.

DECIDED OCTOBER 3, 2002.

James P. Brown, Jr., for appellant.
John T. Rutherford, Solicitor-General, Charles A. Spahos, Lydia M. Ferguson, Assistant Solicitors-General, for appellee.

