A03A2055. WILLIS v. THE STATE.
(589 SE2d 282)

MIKELL, Judge.

Wayne Luther Willis was convicted of possession of cocaine and marijuana. The trial court sentenced him to seven years confinement. He appeals, arguing that the court erred in denying his motion

to suppress evidence discovered during a search of his car. We affirm the conviction.

> When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision. The evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them.

(Citations and punctuation omitted.) *State v. Burnett*, 220 Ga. App. 133-134 (469 SE2d 324) (1996).

So viewed, the evidence adduced at the motion hearing demonstrates that in July 2002, Agent Todd Bailey of the Clayton County Drug Task Force and the Forest Park Police Department received a number of anonymous telephone calls accusing Willis of selling drugs in the Forest Park community. According to Agent Bailey, an anonymous caller reported that Willis drove a red Chevrolet Blazer and that he kept drugs in his vehicle. After checking Willis's criminal history and driving record, Agent Bailey determined that Willis had a suspended driver's license. The agent testified that on July 22, 2002, a confidential reliable informant reported that Willis was selling drugs in the vicinity of Brookdale Drive and Lamar Drive and that she had purchased crack cocaine from Willis that day. The informant described Willis as "a large black male" driving a red Blazer.

Agent Bailey contacted Officer Michael Stone to set up surveillance. Officer Stone contacted his radio dispatcher to verify that Willis's driver's license was suspended. Next, Officer Stone observed a vehicle matching the description of Willis's on Brookdale Drive. The officer stopped the vehicle and identified the driver as Willis. When Officer Stone informed Willis that his license was suspended, Willis stated that he had been issued a work permit and was on the way to his grandmother's house. Officer Stone placed Willis under arrest for violation of his work permit, based on the conclusion that his grandmother's home was not a permissible destination. When Officer Stone checked Willis's license a second time, he confirmed that Willis had a probationary license to drive to and from work and medical appointments. After placing Willis under arrest, Officer Stone searched his vehicle and discovered crack cocaine and marijuana in plastic bags, as well as a set of scales.

Willis testified that at the time in question he resided both at his parents' and his grandmother's homes, which were located less than

two blocks apart; that he often ate dinner with his grandmother; and that he was on his way from work to his grandmother's home when he was arrested. He argued that because the search of his vehicle was without a warrant and not incident to a valid arrest, it was unlawful.

Pretermitting the validity of Willis's probationary license or whether he was actually in violation of the conditions of the license, we conclude that Officer Stone possessed articulable facts giving rise to a reasonable suspicion of criminal conduct and, therefore, was justified in stopping Willis's vehicle. See *State v. Harris*, 236 Ga. App. 525, 526 (1) (513 SE2d 1) (1999). Officer Stone was told by Agent Bailey that Willis's driver's license had been suspended and that Willis had been observed driving in a particular area in a red Blazer. Further, Officer Stone confirmed the suspended license with the radio dispatcher. Therefore, when he observed a red Blazer being driven by a man fitting Willis's description, he was justified in stopping the vehicle.

> The officer was entitled to rely on the information given to him by fellow officers. . . . If an officer acting in good faith believes that an unlawful act has been committed, his actions are not rendered improper by a later determination that the defendant had not committed a crime.

(Citations omitted.) Id. at 526-527 (1). Likewise, to the extent that Willis argues that the stop was illegal because it was pretextual, we reach the same result. This Court has held that "[w]hen a police officer sees a traffic offense occur, a resulting traffic stop does not violate the Fourth Amendment even if the officer has ulterior motives in initiating the stop." (Citations omitted.) Id. at 527 (1).

Furthermore, the trial court properly concluded that Officer Stone possessed probable cause to arrest Willis. "The material inquiry is whether the facts within the officer's knowledge at the time of the arrest constituted reasonably trustworthy information which was sufficient to authorize a prudent person to believe that the suspect had committed an offense." (Punctuation and footnote omitted.) *Anderson v. State*, 253 Ga. App. 338-339 (559 SE2d 85) (2002). The facts known by Officer Stone were sufficient to authorize him to believe that Willis was driving with a suspended license and was violating the terms of his work permit. Accordingly, the search was incident to a valid arrest, and the trial court did not err in denying Willis's motion to suppress.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED OCTOBER 22, 2003.

*James W. Bradley*, for appellant.

*Robert E. Keller, District Attorney, Bonnie K. Smith, Assistant District Attorney*, for appellee.