A04A1040. FISHER v. THE STATE.
(599 SE2d 361)

ELDRIDGE, Judge.

Following a bench trial upon facts adduced at its motion to suppress hearing stipulated by the parties, the State Court of Cobb County convicted Steven Edward Fisher of a single count of having a blood alcohol level of 0.08 or greater within three hours of driving (OCGA § 40-6-391 (a) (5)).[1] He was sentenced to twelve months confinement to serve one day, the remainder probated, and a $500 fine. Fisher appeals, contending that the state court erred in denying his motion to suppress, the police having stopped his vehicle upon information which, as false, was insufficient to show that a reasonable and articulable suspicion existed warranting the stop. See *Terry v. Ohio*, 392 U. S. 1, 26-27 (88 SC 1868, 20 LE2d 889) (1968) (person may be lawfully seized for purposes of a brief investigation when only a reasonable and articulable suspicion exists). We disagree and affirm.

Viewed in the light most favorable to the state court's finding as to the suppression motion, the evidence shows that at approximately 7:00 p.m. on March 24, 2002, Sergeant Stanley Wheeler and Officer Robbie Ray were dispatched separately by police radio to the Kennesaw residence of Fisher's former spouse, Deneice Smith. Fisher had gone to the residence to pick up his son from weekend court-ordered visitation. The dispatcher advised Wheeler and Ray that Smith had called 911 and reported Fisher at her residence in violation of a temporary protective order and driving on a suspended license.[2] As Wheeler and Ray proceeded to Smith's residence, further radio traffic ensued. The dispatcher advised Wheeler and Ray that Fisher had left the residence and gave them a physical description of Fisher,

---

[1] A nolle prosequi was entered on the remaining charge, driving under the influence unsafe driver (OCGA § 40-6-391 (a) (1)).

[2] Smith later denied making such allegations and instead stated that Fisher was criminally trespassing on her property by blowing the horn of his automobile and laying tracks on her driveway.

a description of his vehicle, and the tag number. Seeing a vehicle and driver fitting the descriptions he had been given en route to Smith's residence, Wheeler activated his blue lights and stopped Fisher's vehicle. Ray arrived on the scene as this occurred and shortly thereafter detected signs that Fisher had been driving under the influence. On this, Ray called the sheriff's office and learned that no temporary protective order had been entered against Fisher and that he was driving on a valid driver's license. Fisher was arrested after he failed the field sobriety tests administered at the scene, and an Intoxilizer 5000 later measured his blood alcohol content at 0.118. *Held*:

There is no merit to Fisher's claim that the police radio dispatches upon which he was stopped were insufficient to establish that a reasonable and articulable suspicion existed for doing so. Obviously, that which may constitute a false report of crime under OCGA § 16-10-26[3] and that which constitutes a reasonable, articulable suspicion warranting a stop are wholly independent issues of law.

> This situation is one of the rare instances in which hearsay was properly used to explain [Wheeler's] conduct. The issue before the court was not whether [Fisher] was actually intoxicated and [driving erratically], but whether [Wheeler] had a reasonable and articulable suspicion of . . . conduct . . . justify[ing] his investigation of [Fisher]. In forming his suspicion, [Wheeler] was entitled to rely on the information given him by a fellow officer. The information provided by the dispatcher was thus admissible to explain [Wheeler's] reason for investigating [Fisher].

(Punctuation and footnotes omitted.) *Morrow v. State*, 257 Ga. App. 707, 708 (2) (572 SE2d 58) (2002); accord *State v. Harris*, 236 Ga. App. 525-526 (1) (513 SE2d 1) (1999) (information received from another officer can create articulable suspicion justifying vehicle stop; officer's action upon good faith belief that a crime has been committed not vitiated by later determination to the contrary).

On appeal of a trial court's decision on a motion to suppress, we review the evidence "most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will

---

[3] "Any person who violates the provisions of a domestic violence order which excludes, evicts, or excludes and evicts that person from a residence or household shall be guilty of a misdemeanor." Former OCGA § 19-13-6 (b). "[A]ny person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended . . . shall be guilty of a misdemeanor." OCGA § 40-5-121 (a).

not be disturbed if there is any evidence to support them." (Punctuation omitted.) *State v. Bute*, 250 Ga. App. 479 (552 SE2d 465) (2001). Because Wheeler properly relied upon information provided to him by another officer, the state court did not err in denying Fisher's motion to suppress evidence of his intoxication discovered after Wheeler legally stopped him. Id.; *Morrow v. State*, supra; *State v. Harris*, supra.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 14, 2004.

*Sidney L. Storesund*, for appellant.

*Barry E. Morgan, Solicitor-General, William R. Pardue, Assistant Solicitor-General*, for appellee.